(5)

**FILED**

DEC -8 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                    )    Case No. 10-30286-A-11
                                         )
IONIAN WOODLAND, LLC,                    )    DCN. DC-6
                                         )
                                         )    Date: N/A
        Debtor.                          )    Time: N/A
                                         )
_____  )

**MEMORANDUM**

On December 2, 2010, the debtor filed a request for an order shortening the notice for a hearing on a motion to "extend automatic stay." Docket 157. The motion to extend the automatic stay is actually a motion to reconsider an earlier ruling granting PremierWest Bank's motion for relief from the automatic stay effective December 21. Docket 153. The debtor is asking the court to change the date the termination of the automatic stay becomes effective.

The request for the order shortening notice, as well as the underlying motion to modify the court's prior ruling, will be denied.

The debtor has not demonstrated cause for entry of an order shortening notice for the motion. The debtor has known since October 12 that the bank will have relief from the automatic stay on December 21. Docket 153. The debtor has had sufficient time to request reconsideration without the necessity of abbreviated notice.

Further, the debtor's request to change the December 21 effective date for the termination of the automatic stay will be denied because the debtor's related motion to sell the property encumbered by the bank's lien (DCN DO #5) has been denied.

In connection with the sale motion, the debtor asserted that the proposed purchase price of $2.2 million exceeded the aggregate value of the liens encumbering the property. This was incorrect. From the $2.2 million purchase price, the debtor proposed to pay:

- $10,000 lien held by the City of Woodland,
- $120,000 in property taxes,
- $200,000 on account of DRM's $400,000 junior claim, as agreed by DRM,
- $20,000 in closing costs, and
- $1.6 million on account of the bank's first deed claim.

These amounts total $1,950,000.

However, the bank's claim is not $1.6 million. Rather, it is $1,892,759. See Proof of Claim No. 6. And, the bank did not agree in connection with the sale motion to take less than what it was owed on its claim. Consequently, the sale would not permit the debtor to pay the claims secured by the property, including the bank's $1,892,759 claim.

Even assuming the debtor the sale would permit the debtor to pay the bank's $1,892,759 claim, as well as the other liens and amounts itemized above, the proposed sale was not scheduled to close until July 2011 at the earlies. Pending a sale, the bank's claim would continue to accrue interest. The bank has represented that its claim accrues approximately $14,000 of interest per month. Also, the debtor will continue to incur approximately $1,500 per month in property taxes. The debtor failed to address how these additional amounts secured by the property would be paid from the sale proceeds.

Finally, in the judgment of the court, there was no persuasive evidence that the proposed sale would ever be consummated. First, the deposit from the buyer was a mere $10,000 and it was to be refundable for a significant period of time. Second, the buyer's offer had substantial contingencies, including obtaining tax credits, receiving entitlements, allocation of bond financing, and certain commitments from the City of Woodland. There was no convincing evidence that these contingencies were likely to be satisfied. Third, the sale is subject to obtaining financing. Once again, there was no convincing evidence regarding this condition.

The motion to reconsider the ruling on the bank's motion for relief from the automatic stay does not convince the court that its ruling on the bank's motion or on the debtor's sale motion was erroneous in any material respect. Therefore, the request to shorten notice of a motion to reconsider the ruling on the bank's motion for relief from the automatic stay will be denied as will the motion for reconsideration.

1 | A separate order will be entered.
2 | Dated: December 6, 2010          By the Court

_/s/ Michael S. McManus_
Michael S. McManus, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Gloria Oates
2377 Gold Meadow Way #215
Gold River, CA 95670-0028

Harold Jaffee
3521 Grand Ave
Oakland, CA 94610

Noel Knight
2616 Harrison St #1
Oakland, CA 94612

Raymond Policar
PO Box 74093
Davis, CA 95617

Ionian Woodland, LLC
45 Mitchell Blvd #14
San Rafael, CA 94903

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: December 8, 2010

_____
Susan C. Cox
Judicial Assistant to Judge McManus